# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-4213

_____

Richard K. McGirl and　　　　　　　*
Christine M. McGirl,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Appellants,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the
　　　v.　　　　　　　　　　　　　　*　United States Tax Court
　　　　　　　　　　　　　　　　　　*
Commissioner of Internal　　　　　　*　　　[UNPUBLISHED]
Revenue,　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　Appellee.　　　　　　　　　*

_____

Submitted:　　　　October 23, 1997

Filed:　　　　November 28, 1997

_____

Before McMILLIAN, FLOYD R. GIBSON and BEAM, Circuit Judges.

_____


PER CURIAM.


　　　Richard K. McGirl and Christine M. McGirl ("appellants") appeal from
the United States Tax Court's[1] decision upholding the Commissioner of
Internal Revenue's determination that appellants' unreported income for the
1989, 1990, and 1991 tax years should not be reduced by the amount of loans
that appellants maintain they

---

[1]The Honorable Juan Vasquez, Judge, United States Tax Court.

obtained from a third party; that appellants failed to prove that their sandwich shop business incurred expenses in excess of those claimed on its 1989, 1990, and 1991 tax returns; and that the underreporting of the business's income for those years was due, in part, to fraudulent intent on the part of Richard K. McGirl. McGirl v. Commissioner, No. 11510-94, 1996 WL 385813 (T.C. July 11, 1996) (memorandum and order).

Jurisdiction was proper in the tax court based upon Section 6213 of the Internal Revenue Code ("I.R.C."). Jurisdiction on appeal is proper based upon I.R.C. § 7482(a) (1994). The notice of appeal was timely filed under Rule 13(a) of the Federal Rules of Appellate Procedure.

The tax court held that appellants failed to meet their burden of showing that they are entitled to additional deductions and that the Commissioner's determination of gross income is incorrect. Slip op. at 14-15, 23-24. Specifically, the tax court found it "improbable and unconvincing" that appellants received loans in the amounts that they sought to characterize as nonincome or incurred business expenses which were not reflected on the business's 1989, 1990, and 1991 tax returns. Id. at 20. Moreover, the tax court held that the Commissioner proved by clear and convincing evidence that at least some part of appellants' underpayments were attributable to fraud on the part of Richard K. McGirl. Id. at 35.

Having carefully reviewed the record, the parties' briefs, and the well-reasoned analysis of the tax court, we conclude that no error of law or fact appears and that an opinion would lack precedential value. See 8th Cir. R. 47B. Accordingly, we affirm the judgment of the tax court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-